Mr. Bob Stover State Editor, Arkansas Gazette P.O. Box 1821 Little Rock, AR 72203
Dear Mr. Stover:
This is in response to your request for an opinion under the authority granted in A.C.A. 25-19-105(c)(3)(B) (Supp. 1987), a provision of the Arkansas Freedom of Information Act ("FOIA"). You have asked, specifically, whether the release of the names of four suspended police officers of the Texarkana, Arkansas Police Department would constitute a clearly unwarranted invasion of personal privacy as prohibited by Section 25-19-105(b)(10) of the FOIA.
According to Texarkana, Arkansas City Attorney Paul Dickerson, the officers have been suspended from duty based on the results of an internal investigation. The custodian of the record claims that the records on which the suspensions are based, and therefore the names of the officers, are exempt from public inspection. This conclusion is premised upon the City's determination that the information contained in the records is of a highly personal nature, and that the records' release would constitute a clearly unwarranted invasion of the officers' personal privacy.
Section 25-19-105(b)(10) (Supp. 1987) prohibits the release of "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." I lack sufficient information to determine whether or not the information sought would rise to the level of an invasion of privacy.
Such a determination is unnecessary, however, under the circumstances, in light of Section 25-19-105(c)(1) (Supp. 1987) which states:
However, all employee evaluation or job performance records, including preliminary notes and other materials shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
The above-cited Code provision outlines four conditions that must exist before a record can be released: 1) the record must be an employee evaluation or job performance record;2) the employee must be suspended or terminated based on the record; 3) there must be a final administrative resolution of the matter; and, 4) there must be a compelling public interest in the record's release.
Based on the information supplied by the City of Texarkana, Arkansas, it is clear that the records in question are job performance records in that they describe how the officers performed their duties in certain specific circumstances. There is no dispute that the officers have been suspended from duty based on the performance records.
One remaining question is whether there exists a "compelling public interest" in the records. It is my opinion that a compelling public interest does exist. This office has previously addressed this issue as follows:
 Both the courts and legislature acknowledge that the public has a compelling interest in seeing that its employees not only follow the law, but also the regulations by which they are to conduct their business. If that trust is breached, the public has a right to know.
A.G. Op. No. 87-115.
Therefore, it is my opinion that there exists no provision within the FOIA that would prohibit the release of the information requested, assuming that there has been a final administrative resolution of the suspension proceeding. We have not been provided with information in this regard.